IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                              CV 01-882 JC/LCS
                                                                   CR No. 99-1326 JC

DAVID EUGENE TORREZ,

    Defendant/Petitioner.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    1.    This matter is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed July 31, 2001. (*Doc. 1*). Torrez, currently incarcerated and proceeding *pro se*, attacks the sentence entered on August 21, 2000, in the case styled *United States of America v. John Torrez*, and numbered CR 99-1326 JC, United States District Court for the District of New Mexico. I have reviewed the entire record and all of the transcripts of the criminal proceedings. Because it is possible to resolve all of the issues on the pleadings, I find that an evidentiary hearing is not necessary. *E. g., United States v. Kennedy*, 225 F. 3d 1187, 1193 (10th Cir. 2000) (Under 28 U. S. C. § 2255, the district court is required to conduct an evidentiary hearing [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.) (internal quotations and citations omitted); *see also* Rule 8(a), Rules Governing Habeas Corpus Under Section 2255. Having considered the

1

arguments, pleadings, relevant law, and being otherwise fully informed, I find the motion is not well-taken and recommends that it be DENIED.

2. On November 17, 1999, Torrez was indicted on five counts of possession with intent to distribute. Counts I, II, III, and IV charged possession with intent to distribute less than 100 grams of a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C). Count V charged possession with intent to distribute more than 100 grams of a mixture or substance containing a detectable amount of heroin within 1,000 feet of the real property comprising a secondary school in violation of 21 U.S.C. §§841(a)(1), (b)(1)(B) and 21 U.S.C. §860(a)(1). On April 4, 2000, Petitioner Torrez entered a plea of guilty to all Counts in the Indictment pursuant to a Plea Agreement. *See* Criminal Docket 32 and 33. The Petitioner attested at his plea hearing that he understood each of the charges against him, that he read, discussed and understood his plea agreement, that he was satisfied with his attorney's explanations, and that he gave up his right to appeal. *See* Plea Hearing Transcript at 6-8. The trial judge informed the Petitioner that the maximum term of imprisonment for Counts I-IV is twenty years for each of those counts and that the maximum term of imprisonment for Counts V is eighty years. *See id* at 8. The trial judge also stated that with respect to Counts I-IV, there is a mandatory term of supervised released of at least three years and for Count V, a mandatory term of supervised released of at least five years. *See id*. at 9.

3. A sentencing hearing was held on August 21, 2000. Torrez was sentenced to 60 months imprisonment as to each count, to run concurrently. In addition, the Defendant was sentenced to three years supervised release as to Counts I-IV and eight years supervised

release as to Count V to run concurrently. *See* Criminal Docket 40. Judgment was filed on August 30, 2000. *See* Criminal Docket 41. Torrez did not file a notice of appeal.

    4.      On July 31, 2001, the Petitioner filed this Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Specifically, the Petitioner asserts the following grounds for relief:

> (1) ineffective assistance in failing to pursue an appeal or to research the law and properly investigate his case;
>
> (2) ineffective assistance in failing to challenge sentence of Count V and argue sentencing entrapment;
>
> (3) ineffective assistance in failing to advise him of the term of supervised release;
>
> (5) and challenges to his plea based on the recent U. S. Supreme Court decision, *Apprendi v. N. J.*, 120 S. Ct. 2348 (Jun. 26, 2000).[1]

    5.      In order to establish ineffective assistance of counsel, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). A habeas corpus Petitioner has the burden of establishing both elements of the *Strickland* standard. *See id.* at 694. Petitioner bears the burden of proving both the deficiency

---

[1]     The Petitioner lists three different claims within his Motion to Vacate. Claim One stated "[d]ue to sentencing entrapment, I received a 'double' term of supervised release from 4 years to 8 years. . . . Under cover agent continuly [sic] wanted to make deal near a school nowing [sic] it would inhance [sic] my sentencing. Also, attorney failed to object to the count five. I was not informed prior to sentencing or after sentencing." Motion at 6. Claim two states "I received a sentence of a term of supervised release that is a minimum of two years beyond the statutory maximum." *Id.* at 7. And claim three states "[u]naware of the supervised release. Attorney failed to research relevant law and properly investigate my case. Did not appeal for me." *Id.* at 8. After reading the Motion in a light most favorable to the Plaintiff, I interpret these three claims as including the four aforementioned issues.

3

and the prejudice prong of the *Strickland* standard. *See Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

6. To demonstrate constitutional deficiency, Torrez must show that "counsel's performance was completely unreasonable, not simply ill-advised in hindsight." *See Fowler v. Ward*, 200 F.3d 1302, 1310 (10th Cir. 2000) (citing *Hoxsie v. Kerby*, 108 F.3d, 1239, 1246 (10th Cir. 1997)). Similarly, to show unconstitutional prejudice, Torrez must demonstrate that but for counsel's errors, there is a reasonable probability that the result of the proceedings would have been different. *See Strickland*, 466 U.S. at 694. An ineffective assistance claim may be resolved on either performance or prejudice grounds alone. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995).

7. The Petitioner must demonstrate to the court why his counsel's actions fell below an objective standard of reasonableness and that because of his counsel's actions, the proceeding was prejudiced. *See Strickland*, 466 U.S. at 688. In the context of a guilty plea, the "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In this case, Torrez argues his counsel failed to inform/advise him of his sentencing, that he failed to object to his sentence under Count V, that he failed to do proper research and investigation, and that he failed to file an appeal.

8. I reject these claims on the basis that the Petitioner put forth only conclusory and meritless allegations of ineffectiveness and that he demonstrated no prejudice. After review of the Petitioner's Motion, Torrez merely states that he was "not informed prior to sentencing or after sentencing," that he was "unaware of the supervised release," and that the

"attorney failed to research relevant law and properly investigate my case." Pet. Motion at 6-8.[2] The Petitioner's conclusory allegations of ineffective counsel are clearly rebutted by the summary of facts reflecting his voluntary plea of guilty. Torrez acknowledged the minimum and maximum sentences he faced, his right to a jury trial and that he gave up his right to appeal. *See* Plea Hearing Transcript at 6-8. He also stated he had discussed the charges with his attorney, he understood his rights and he was satisfied with his attorney's performance. *Id*. Furthermore, he stated he pled guilty of his own free will, without any compulsion, threats or mistreatment. *Id*. at 10-11.

9. Torrez also argues his attorney failed to object to Count V and that his sentence was enhanced because undercover agents lured him to a location within 1,000 feet of a school zone.[3] However, the Petitioner's attorney did in fact file Objections to the Pre-Sentence Report on July 24, 2000. *See* Criminal Docket 37. Specifically, Torrez' attorney objected to Count V. Counsel argued that "it was the undercover agents that selected the location for the transaction even though Defendant wanted to conduct the transaction in a different location. In effect, this is sentencing entrapment because the agents knew that if the transaction occurred within the 1,000 feet of a school zone, the defendant faced more severe sentence. The Base offense level should be 26, not 28." *Id*.

10. In addition, to prevail on an ineffective assistance of counsel claim for failure

---

[2] Although the Petitioner was given an additional 60 days to file a reply to respondent's original and first supplemental responses, he has not filed any reply to date.

[3] The Court reviews this issue as an ineffective assistance of counsel claim since the Plaintiff did not file an appeal. Because the Plaintiff never filed an appeal, the direct issue of sentencing entrapment is procedurally defaulted.

to investigate or advise, the burden rests with the habeas petitioner to show that he would not have pled guilty and would have insisted on going to trial. *See e.g. Hill*, 474 U.S. at 59. The Petitioner does not assert anywhere in his Motion that he would have preferred to go to trial. Nor did the Petitioner file a reply to rebut the government's portion on this issue. He never contends that he would not have pled guilty. *Cf., Laycock v. State of New Mexico*, 880 F. 2d 1184, 1187 (10th Cir. 1989) (allegation of ineffectiveness for failure to file motions failed because petitioner suggests nothing to demonstrate that motions were necessary or appropriate).

11. Because Torrez was advised at his plea hearing of the mandatory term of supervised release of *at least five years* with respect to Count V, *see* Plea Hearing Transcript at 9, and he read and signed the Plea Agreement which said the same, *see* Criminal Docket 33, I fail to see the how his sentencing proceeding was prejudiced. Therefore, these claims of ineffective assistance of counsel fail on the merits or, alternatively, for failure to establish prejudice.[4]

12. The Petitioner's remaining argument rests on the recent U.S. Supreme Court case, *Apprendi v. N. J.*, 120 S. Ct. 2348 (Jun. 26, 2000). Torrez argues that he "received a sentence of a term of supervised release that is a minimum of two years beyond the statutory maximum." *See* Motion at 7.[5] Specifically, he claims he was sentence more than the maximum

---

[4] Because Torrez failed to file an appeal, all of the claims raised in the Motion are interpreted as claims of ineffective assistance. The Court does so in order to analyze the Motion in a light most favorable to the Petitioner.

[5] Although this issue is technically procedurally barred because Torrez did not raise the issue on direct appeal, *see United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995), the Court will examine the issue on the merits regardless.

for Count V. He states that "he should be subject to the penalties in 841(b)(1)(C) which authorizes a 3 year term of supervised release. 860 authorizes a double supervised release period. There the statutory maximum is six years." *Id*.

13. *Apprendi* mandates that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. *See Apprendi*, 120 S. Ct. at 2362-63. Thus, *Apprendi* becomes an issue only when a defendant receives a sentence beyond the prescribed statutory maximum. Such is not the case here.

14. Because Petitioner waived his right to a jury by entering a plea, he also waived his right to have the jury make findings regarding the basis for his sentencing. *See e. g., U. S. v. Walker*, 228 F. 3d 1276, 1278 n. 1 (11th Cir. 2000) (noting that defendant lost right to appeal based on *Apprendi* when he pled guilty and accepted the contents of presentence report). However, in this case, there is a sufficient factual basis for the sentence imposed for Count V.

15. Petitioner pled guilty to possession with intent to distribute more than 100 grams of a mixture or substance containing a detectable amount of heroin within 1,000 feet of the real property comprising a secondary school in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B) and 21 U.S.C. §860(a)(1). Torrez was sentenced to a total of 60 months imprisonment and eight years of supervised released. *See* Criminal Docket 41. A conviction under §841 is "subject to a term of imprisonment which may not be less than 5 years and not more than 40 years" and a "term of supervised release of at *least 4 years*." 21 U. S. C. §841(b)(1)(B) (emphasis added). Section 860 provides for "*at least twice* any term of

supervised release authorized by section 841(b)." (emphasis added). Both statutes provide for a minimum term of supervised release not a maximum. Thus, subject to his Plea, Torrez was subject to a term of supervised release of *at least eight years* which in fact does not violate *Apprendi*. Notwithstanding the additional sentence imposed by §860, if the Petitioner's sentence was governed solely by §841(b)(1)(B), his eight year term of supervised release does not violate the rule announce in *Apprendi*. "Section 841(b)(1)(C) is not restricted . . . from establishing terms of supervised release greater than three years." *United States v. Heckard*, 238 F.3d 1222, 1237 (10th Cir. 2001). Thus, Petitioner's sentence did not exceed the statutory maximum for the charges in the Indictment to which he validly pled guilty.[6]

16. On a final note, Torrez argues that his counsel failed to file an appeal. Despite the fact the Petitioner waived his rights to appeal by signing the Plea Agreement, even if he could appeal, there is no merit to this claim. When a Petitioner alleges his counsel rendered ineffective assistance by failing to raise an issue on appeal, the Court examines the merits of the omitted issue. *See United States v. Dixon*, 1 F. 3d 1080, 1083 (10th Cir. 1993). If the omitted issue is without merit, counsel's failure to raise it "does not constitute constitutionally ineffective assistance of counsel." *Id.* at 1084 n. 5; *see also United States v. Cook*, 45 F. 3d 388, 394 (10th Cir. 1995). Since the foregoing analysis addresses all of the claims raised by the Petitioner within his Motion to Vacate and properly disposes of them on the merits, I find that this claim is also without merit.

---

[6] Within the Petitioner's Motion to Vacate, he refers to §841(b)(1)(C) and how his sentence under Count V was in violation of *Apprendi*. Torrez argues that he should have received six years of supervised released not eight years. However, the Petitioner was sentenced pursuant to §841(b)(1)(B) with respect to Count V, as stated in his Plea Agreement. Section 841(b)(1)(B) mandates at least four years of supervised release not three, which turns out to be a total of eight years of supervised release according to §860(a)(1).

**Recommended Disposition**

I recommend denying the Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed July 31, 2001. (*Doc. 1*) and dismissing this action with prejudice. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**